**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony J. Kuc, Jr., | CV 12-08024-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of America, NA, successor by merger to BAC Home Loans Servicing LP; Bank of America Corp., successor in interest to Countrywide Bank; Saxon Mortgage Services, Inc.; Old Republic National Title Insurance Co.; Mortgage Electronic Registration Systems Inc. ("MERS"), | |
| Defendants. | |

The court has before it plaintiff's motion to remand (doc. 9) and defendant Old Republic National Title Insurance Company's ("Old Republic") response (doc. 12). Plaintiff did not reply, and the time for replying has expired. We also have before us Old Republic's motion to dismiss (doc. 7) and Bank of America, NA, Bank of America Corporation, and MERS's ("the BANA defendants") motion to dismiss (doc. 6). Plaintiff filed a single response to both motions (doc. 10). Only the BANA defendants replied (doc. 11), and the time for replying has expired.

**I**

In June 2007, plaintiff took out a $520,000 construction loan from Mohave State Bank. This loan was secured by a Deed of Trust ("the Mohave Deed of Trust"). In

December 2007, plaintiff refinanced his property by taking out a $535,000 loan from Countrywide Bank. This second loan was secured by a Deed of Trust ("the Countrywide Deed of Trust"). MERS recorded a document in January 2008 stating that the Mohave loan had been fully paid and discharged.

In June 2011, MERS recorded an assignment of the Countrywide Deed of Trust to BAC Home Loans Servicing. Defendant Saxon Mortgage Services ("Saxon") assumed servicing the Countrywide loan in July 2011.[1] Saxon sent plaintiff a notice of intent to accelerate the Countrywide loan in August 2011.

MERS recorded an assignment of the Mohave Deed of Trust to Bank of America in October 2011. That same day, Bank of America (through its attorney-in-fact, Saxon) recorded a substitution of trustee naming Old Republic as the new trustee. Old Republic recorded a Notice of Trustee's Sale pursuant to the Mohave Deed of Trust that same day. A cancellation of the Notice of Trustee's Sale was recorded by Old Republic on December 19, 2011.

Plaintiff originally filed this action in the Superior Court of Arizona in Mohave County on January 13, 2012, asserting claims for (1) broken chain of title, (2) defective deed of trust, and (3) invalid assignment of the deed of trust by MERS. Old Republic removed to this court. Plaintiff moves to remand. Old Republic and the BANA defendants each move to dismiss the action for failure to state a claim.

**II**

Plaintiff argues that removal of this action is improper and is a violation of the Seventh and Tenth Amendments. He also argues that defense counsel have not proved that they are representing the defendants, and their failure to do so is a violation of due process.

Old Republic contends that removal of this action is proper because we have original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.

---

[1] It does not appear that Saxon has been served, and it has not appeared.

1  Id. § 1332(a). Old Republic's allegations of citizenship in its notice of removal establish
2  complete diversity, because no defendant is alleged to be a citizen of Arizona (doc. 1 at 2-3).
3  Plaintiff has not challenged any of these allegations. Moreover, in this action plaintiff seeks
4  to quiet title to a home secured by a Deed of Trust for over $500,000, requests punitive
5  damages in the amount of $1,836,000, requests a return of all taxes paid on the property, and
6  requests a return of all loan payments made since 2007. The amount in controversy
7  unquestionably exceeds $75,000. Plaintiff's motion to remand is denied.

### III

9  Although not listed as a separate claim, plaintiff alleges violations of the Fair Debt
10 Collection Practices Act ("FDCPA"). The FDCPA prevents abusive practices by a "debt
11 collector," defined as "any person who uses any instrumentality of interstate commerce or
12 the mails in any business the principal purpose of which is the collection of any debts, or who
13 regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted
14 to be owed or due another." 15 U.S.C. § 1692a(6). However, "a non-judicial foreclosure
15 proceeding is not the collection of a 'debt' for purposes of the FDCPA." Mansour v. Cal-
16 Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). And
17 "mortgagees and their assignees, servicing companies, and trustee fiduciaries are not
18 included in the definition of 'debt collector.'" Id. Because defendants are not debt collectors
19 within the meaning of the FDCPA and a non-judicial foreclosure is not the collection of a
20 debt, plaintiff's FDCPA claim fails.

### IV

22 Plaintiff's "broken chain of title" claim asserts that a foreclosing party must have proof
23 of chain of title and be a real party in interest. Plaintiff claims that defendants have no
24 standing to foreclose on his property. But in Arizona, neither the presentation of the original
25 Note nor proof that a party is entitled to enforce an instrument is needed to conduct a non-
26 judicial foreclosure. See Deissner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184,
27 1187-88 (D. Ariz. 2009). To the extent that plaintiff may be alleging a claim of wrongful
28 foreclosure, this cause of action has not yet been recognized by Arizona state courts.

1  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). Even if
2  it had, the cause of action is inapplicable to this case because a foreclosure sale has not
3  happened. Plaintiff also alleges that the securitization of his loan split the Note and Deed of
4  Trust and renders them unenforceable. This argument has been continually rejected. See,
5  e.g., Mansour, 618 F. Supp. 2d at 1181.

6        Plaintiff contends that the assignments of the Deed of Trust were fraudulent, and
7  complains that the signatories are known "robosigners." To the extent that plaintiff is
8  alleging a claim for false recordings in violation of A.R.S. § 33-420, this claim fails.
9  Arizona courts apply this statute to "some sort of document purporting to create an interest,
10 lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself," but
11 there is "no authority applying this statute to assignments of mortgages and notices of
12 trustee's sales." Schayes v. Orion Fin. Grp., Inc., CV-10-02658-PHX-NVW, 2011 WL
13 3156303, at *6 (D. Ariz. July 27, 2011); see also In re Mortg. Elec. Registration Sys.
14 (MERS) Litig., MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *4 (D. Ariz. Oct. 3,
15 2011) (A.R.S. § 33-420 does not apply to assignments, substitution of trustees, and notices
16 of trustee's sales). Similarly, plaintiff, as a third-party borrower, does not have standing to
17 challenge the validity of any allegedly "robosigned" recorded assignments. See In re Mortg.
18 Elec. Registration Sys. (MERS) Litig., 2011 WL 4550189, at *5 (plaintiffs lack standing on
19 robosigning allegations, because "as third-party borrowers, [they] are uninvolved and
20 unaffected by the alleged [recorded] [a]ssignments, and do not possess standing to assert a
21 claim based on such").

22       Plaintiff also refers to the Truth In Lending Act ("TILA"). It is unclear whether
23 plaintiff is attempting to assert a claim for rescission of the Countrywide loan. To the extent
24 that plaintiff is alleging a claim under TILA, it is apparent from the face of his complaint that
25 his claim is time-barred. The right to rescission under TILA is extinguished three years after
26 a loan is consummated. McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329
27 (9th Cir. 2012). Because plaintiff filed this action more than three years after he signed the
28 Countrywide Deed of Trust, rescission is unavailable. See id.

1    Finally, plaintiff alleges in this claim and throughout his complaint that defendants
2 committed fraud by misrepresenting themselves as real parties in interest and publically filing
3 "false mortgage assignments." Compl. at 15. Under Rule 9(b), Fed. R. Civ. P., allegations
4 of fraud must be specific enough to give defendants notice of specific misconduct, including
5 the "who, what, when, where, and how" of the challenged conduct. Vess v. Ciba-Geigy
6 Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). When an action involves
7 multiple defendants, a plaintiff cannot simply "lump multiple defendants together," but must
8 at a minimum identify each defendant's role in the alleged fraud. Swartz v. KPMG LLP, 476
9 F.3d 756, 764-65 (9th Cir. 2007). Plaintiff's conclusive allegations that defendants
10 committed fraud by recording fraudulent documents do not meet this standard.

11                                                   **V**

12    Plaintiff's next claim is that the Deed of Trust is defective. He repeats his allegations
13 that because his loan was securitized, the Deed of Trust is unenforceable, concluding that
14 defendants "committed fraud in foreclosing the property." Compl. at 16. This claim fails for
15 several reasons. First, the foreclosure sale noticed on the Mohave Deed of Trust never
16 occurred, and, as discussed above, wrongful foreclosure is not a recognized cause of action
17 in Arizona. Next, to the extent this is a fraud claim, it is not stated with particularity as
18 required by Rule 9(b), Fed. R. Civ. P. Finally, as discussed above, the theory that
19 securitization renders the Deed of Trust unenforceable has been repeatedly rejected.

20                                                   **VI**

21    In his "invalid assignment of the Deed of Trust" claim, plaintiff repeats his allegations
22 that MERS was not authorized to transfer the Deed of Trust. To the extent that plaintiff is
23 claiming that either or both Deeds of Trust are unenforceable because MERS separated the
24 Note and Deed of Trust, MERS's involvement would only be an issue if MERS was not an
25 agent of the lender. See Cervantes, 656 F.3d at 1044. Plaintiff has not alleged so here. To
26 the contrary, plaintiff agreed in signing the Countrywide Deed of Trust that "MERS is the
27 beneficiary under this Security Instrument," and acts "as a nominee for Lender and Lender's
28 successors and assigns." Compl., ex. C, at 2. In signing, he also agreed that the "Note or

- 5 -

1  a partial interest in the Note (together with this Security Instrument) can be sold one or more
2  times without prior notice to Borrower." Id. at 7. Finally, he agreed that MERS has "the
3  right to foreclose and sell the Property; and to take any action required of Lender." Id. at 3.
4  The Mohave Deed of Trust contains these same provisions. See BANA Mot. to Dismiss, ex.
5  1 at 1-2, 7.

## VII

Although not stated as a separate claim, plaintiff seeks the remedy of quiet title. In Arizona, quiet title is not available to a homeowner until the loan debt is paid or offered to be paid. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Although his Mohave loan has already been discharged, plaintiff has not alleged that he has paid off or is able to pay off the Countrywide loan. Accordingly, his request for quiet title is dismissed.

## VIII

Plaintiff states in his response that he reserves the right to amend his complaint. At this stage of the proceedings, plaintiff must seek leave from court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Under LRCiv 15.1, a plaintiff seeking leave to amend must include a copy of the proposed amended complaint. Here, plaintiff did not file a motion to amend and has not submitted a proposed amended complaint. Accordingly, to the extent that plaintiff is asking to amend his complaint, the request is denied. See Cervantes, 656 F.3d at 1043 (affirming denial of leave to amend when plaintiffs failed "to submit a copy of the proposed amended pleadings along with a motion for leave to amend" as required by this District's local rules).

Finally, Saxon has not appeared in this action. We dismiss this case as to Saxon, regardless of whether it has been served, as the legal result would be the same. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

## IX

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 9). **IT IS ORDERED GRANTING** Bank of America, N.A., Bank of America Corp., and MERS's motion to dismiss (doc. 6). **IT IS FURTHER ORDERED GRANTING** Old Republic's

1  motion to dismiss (doc. 7). The action is dismissed against all defendants.
2  The Clerk shall enter judgment.
3  DATED this 16th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge