**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony J. Kuc, Jr., | CV 12-08024-PCT-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of America, NA, successor by merger to BAC Home Loans Servicing LP; Bank of America Corp., successor in interest to Countrywide Bank; Saxon Mortgage Services, Inc.; Old Republic National Title Insurance Co.; Mortgage Electronic Registration Systems Inc. ("MERS"), | |
| Defendants. | |

The court has before it plaintiff's motions for removal and disqualification (doc. 23) and default judgment (doc. 24). No responses were filed, and the time for responding has expired.

Plaintiff originally filed this action in the Superior Court of Arizona in Mohave County asserting various claims relating to a trustee's sale noticed on his home. Defendant Old Republic removed (doc. 1). We denied plaintiff's multiple motions for default judgment (doc. 20). On April 16, 2012, we denied plaintiff's motion to remand, granted Bank of America, N.A., Bank of America Corp., and MERS's motion to dismiss, and granted Old Republic's motion to dismiss (doc. 21). The Clerk entered judgment in favor of defendants the same day (doc. 22).

1    Plaintiff moves for our recusal under 28 U.S.C. § 455. Pursuant to § 455(a), a judge
2 "shall disqualify himself in any proceeding in which his impartiality might reasonably be
3 questioned." To determine whether recusal is needed, we ask "whether a reasonable person
4 with knowledge of all the facts would conclude that the judge's impartiality might reasonably
5 be questioned." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (citation
6 omitted). "The 'reasonable person' is not someone who is 'hypersensitive or unduly
7 suspicious,' but rather is a 'well-informed, thoughtful observer.'" Id. (quoting In re Mason,
8 916 F.2d 384, 386 (7th Cir. 1990)).

9    Plaintiff alleges that our denial of his motions for default judgment reflect favoritism
10 towards defendants and defendants' counsel. He questions whether we in fact signed our
11 order, as our signature is hand-printed. He believes that defendants had no defense to his
12 motions for default judgment because, as business entities, they are fictional and thus do not
13 exist to defend themselves. In essence, plaintiff alleges that we have shown prejudice and
14 bias by deciding the action in favor of defendants and have violated his rights to discovery
15 and due process.

16    We can understand plaintiff's frustration at having his action removed to a forum
17 where he did not choose to litigate (a forum that he vigorously disputed has jurisdiction over
18 this matter), which then entered adverse rulings against him. A prior adverse ruling,
19 however, is not sufficient cause for recusal because the alleged prejudice does not stem from
20 an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Instead,
21 § 455(a) usually requires "something other than rulings, opinions formed or statements made
22 by the judge during the course of trial." Holland, 519 F.3d at 913-14. In the "rarest
23 circumstances," conduct during judicial proceedings may provide the basis for recusal when
24 the facts show "a deep-seated favoritism or antagonism that would make fair judgment
25 impossible," although these situations are "[a]lmost invariably. . . proper grounds for appeal,
26 not for recusal." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

27    This is not one of those rare cases. Plaintiff has not presented facts that would lead
28 a reasonable person to conclude that fair judgment was impossible due to favoritism. All we

1  did was rule on motions in good faith. The accuracy of those rulings is subject to review by
2  a litigant's timely appeal to the United States Court of Appeals for the Ninth Circuit.
3  Accordingly, plaintiff's motion for disqualification is denied. We further deny plaintiff's
4  motion for default judgment, as the Clerk has already entered judgment in favor of
5  defendants.

6      **IT IS ORDERED DENYING** plaintiff's motion for removal and disqualification
7  (doc. 23). **IT IS FURTHER ORDERED DENYING** plaintiff's motion for default
8  judgment (doc. 24).

9      We urge plaintiff to seek the advice of a lawyer. Only a lawyer can properly evaluate
10 plaintiff's position and take whatever steps may be necessary to protect plaintiff's interests.
11     DATED this 21st day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge